Filed 11/13/20  Parsi v. California Unemployment Ins. etc. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| IRINA PARSI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD,<br><br>    Defendant and Respondent. | A159203<br><br>(San Mateo County<br>Super. Ct. No. 19CIV03329) |

Irina Parsi appeals from the denial of the petition for writ of administrative mandate by which she sought to challenge determinations that she was not eligible to receive unemployment insurance benefits.  She maintains the adverse determinations were based on an erroneous conclusion as to the identity of her most recent employer.  The California Unemployment Insurance Appeals Board (Board) agrees that reversible error occurred in the administrative proceedings and requests that this court reverse the judgment and direct the superior court to grant the writ petition and remand the matter for further proceedings before the Board.

We will do so.

# BACKGROUND

Parsi worked as a salesperson for Kassar Enterprises, owned by Fayed Kassar (Kassar). She also worked for H&R Block, full time during tax preparation season and otherwise part time.

On May 21, 2017, Parsi opened a claim for unemployment benefits based on her employment with H&R Block and received benefits.

In September 2017, Parsi fractured her ankle, went on medical leave from Kassar Enterprises, and received disability benefits. Her podiatrist advised she would be released to return to work as of October 17, and she asked to be returned to the schedule at Kassar Enterprises but was told the schedule for that week had been set and she needed to submit a doctor's release. She provided a letter from her podiatrist asking that she be excused from work from September 23, through October 17, 2017. On October 18, however, the podiatrist told Parsi he had misread her MRI, which showed several broken bones in her foot, and he extended her disability leave to January 22, 2018.

Parsi did not inform Kassar Enterprises of this extension of her disability. When Parsi did not return to work after October 17, Kassar assumed she had abandoned her employment and, in November, hired someone else to replace her.

On December 20, 2017, Parsi contacted Kassar, saying she was still on disability and hoped to return to work by the end of January. She then contacted him on January 17, 2018, and she was placed on the schedule for January 28 and 29. On January 27, Parsi texted Kassar that she would not be able to come to work because she was not feeling well, and would use her remaining paid sick leave. She believed she had 5.91 hours of sick leave remaining from 2017. Kassar responded that she had no accrued sick leave

2

and they needed to "set you up as an employee again, and then you can start accruing sick leave." On January 30, 2018, Parsi advised Kassar she was resigning her employment due to her medical condition.

Parsi later explained that she was experiencing pain in her right arm and high blood pressure, and could not perform her job with Kassar Enterprises because she was unable to raise her arm to place items on shelves and racks. She had continued working for H&R Block, where it was not necessary for her to raise her arm because she was simply working at a computer.

On May 20, 2018, Parsi filed a claim for unemployment benefits based on her employment at H&R Block, with April 27, 2018 as the last day of work, and as the reason for separation, "Laid Off/Lack of Work" and "reduced hours."

Parsi was interviewed by the Employment Development Department (EDD) on June 20, 2018. The EDD's records for that interview list Kassar Enterprises as "[v]erified last employer" and describe Parsi as having quit after failing to return from a medical leave of absence. EDD determined Parsi's reason for quitting was not compelling, she did not attempt to preserve her job, and she was disqualified from receiving benefits pursuant to Unemployment Insurance Code[1] sections 1256 (disqualification for leaving most recent work voluntarily without good cause) and 1253, subdivision (c) (eligible for benefits only if able to and available for work).

On June 25, 2018, EDD mailed Parsi notice that she was not eligible to receive benefits beginning April 22, 2018, because she voluntarily quit her "last job with Kasser Enterprises" when she failed to return from leave of

---

[1] Further statutory references will be to the Unemployment Insurance Code unless otherwise specified.

3

absence (§ 1256), and she was not eligible to receive benefits beginning May 20, 2018, because she was unwilling to accept employment for which she was qualified (§ 1253, subd. (c)) and she withheld information concerning her claim (§ 1257, subd. (a) [making false statement or withholding relevant information to obtain benefits]).

Parsi appealed the denial of benefits, stating her "most recent work" was H&R Block and her last day of work was April 20, 2018. Parsi quoted information from the EDD website she believed supported her view, disputed the assertion that she was unwilling to accept work for which she was qualified, and questioned the basis of the assertion that she made a false statement.

In a redetermination issued on July 6, 2018, EDD concluded Parsi was ineligible to receive benefits beginning September 17, 2017, under section 1256, ineligible beginning January 28, 2018, under section 1253, subdivision (c), and ineligible beginning June 24, 2018, under section 1257, subdivision (a). EDD also informed Parsi she was required to repay overpayments for the week of April 28 and the first three weeks of May 2018.

Parsi again appealed. A telephone hearing was set for August 10, 2018, for which Parsi appeared and testified but Kassar was absent. The administrative law judge (ALJ) reversed the EDD decisions, noting the employer was not present at the hearing to rebut Parsi's testimony and finding she left the job for good cause ("honest fear of harm to her health and safety"), her continued employment with H&R Block showed she was able and available for work, she did not withhold material facts by failing to inform EDD of her inability to work for Kassar Enterprises because she was able to work with restrictions, and she did not receive an overpayment of benefits.

4

Kassar sought to vacate the ALJ's decisions, stating he had been unable to attend the August 10 hearing because he was hospitalized, and explaining that Parsi did not return to work after providing her doctor's letter releasing her for work as of October 17, 2017, then contacted him about returning to work at the end of January 2018, but instead of returning, called in sick and then resigned. A hearing was set for September 18, 2018.

At the hearing, although the ALJ questioned why Kassar had not submitted documentation of his hospitalization and Kassar acknowledged he had no good reason for not doing so, the ALJ found good cause for the non-appearance on August 10. After Kassar testified that he did not hear from Parsi after her doctor released her to return to work on October 17, 2017, Parsi pointed out that she filed for disability; she acknowledged she did not give Kassar documentation showing her doctor extended her disability beyond October 17, 2017, but testified that when she filed for disability, she was told she did not need to contact her employer because the department would do so. Kassar denied having received anything from any disability department about Parsi, and the ALJ told Parsi it was her responsibility, not EDD's, to inform her employer about disability. Subsequently, attempting to demonstrate Kassar had lied at the hearing, Parsi submitted to the trial court the EDD's "Notice to Employer of Disability Insurance Claim Filed," which was mailed to Kassar on October 23, 2017, and directed Kassar to complete and return the form, on which Kassar stated that Parsi quit on September 22, 2017.

Referring to section 1256, Parsi tried to argue that her "most recent work" was for H&R Block, not Kassar Enterprises. The ALJ told her that Kassar Enterprises was considered her most recent employer because this was the job that might entitle her to unemployment benefits, and that she

5

would not be entitled to unemployment benefits if H&R Block was the employer because she continued to work for H&R Block while she was disabled and until May 2018.

The ALJ found Kassar's hospitalization constituted good cause for failing to appear on August 10, and granted the application to vacate his previous decisions with respect to sections 1256, 1253, subdivision (c), and 1257, subdivision (a). The ALJ affirmed the EDD determination of ineligibility under section 1256, finding there was no good cause for Parsi's failure to contact Kassar to extend her leave and Kassar reasonably assumed Parsi had abandoned her job. The ALJ modified the EDD decision under section 1257, subdivision (a), finding Parsi withheld material facts regarding her separation from Kassar when she submitted her claim for benefits, but concluding Parsi was disqualified for eight weeks rather than the 15 found by EDD. The ALJ again reversed the EDD determination under section 1253, subdivision (c), finding Parsi was able and available for work, and left in effect his prior decision that Parsi did not receive an overpayment of benefits, as Kassar was not a party to the case presenting this issue and it related to the section 1253, subdivision (c), issue which was resolved in Parsi's favor.

Parsi appealed from the decisions regarding sections 1256 and 1257, subdivision (a). The Board found no material errors and affirmed the ALJ's decisions.

Parsi then filed a petition for writ of administrative mandate (Code Civ. Proc., § 1094.5) in superior court, which the Board opposed. The trial court denied the petition on October 24, 2019, finding substantial evidence supported the findings that Parsi was ineligible for benefits because she

6

voluntarily quit her job with Kassar Enterprises and withheld material facts to obtain benefits.[2]

This appeal followed.

## DISCUSSION

Parsi was found ineligible for unemployment benefits under sections 1256 and 1257, subdivision (a). As relevant here, section 1256 provides, "An individual is disqualified for unemployment compensation benefits if the director finds that he or she left his or her *most recent work* voluntarily without good cause . . . ." (Italics added.)[3] Section 1257 provides, "An individual is also disqualified for unemployment compensation benefits if: [¶] (a) He or she willfully, for the purpose of obtaining unemployment compensation benefits, either made a false statement or representation . . . with actual knowledge of the falsity thereof, withheld a material fact in order to obtain any unemployment compensation benefits under this division."[4]

The EDD, the ALJ, the Board, and the trial court all based their decisions on the premise that Kassar Enterprises was Parsi's "most recent" employer within the meaning of section 1256. Parsi has maintained throughout this case that she could not be disqualified under section 1256 because her "most recent work" was for H&R Block, not Kassar Enterprises.

---

[2] Parsi filed a motion for new trial, which was taken off calendar, and a peremptory challenge to the trial judge, which was denied.

[3] Disqualification under section 1256 continues "until he or she has, subsequent to the act that causes disqualification and his or her registration for work, performed service in bona fide employment for which remuneration is received equal to or in excess of five times his or her weekly benefit amount." (§ 1260, subd. (a).)

[4] Disqualification under section 1257, subdivision (a), lasts for a specified number of weeks. (§ 1260, subds. (c) & (d).)

In its respondent's brief on this appeal, the Board states that in reviewing the record, it determined the ALJ "made a material error in precluding Parsi from submitting evidence clarifying the identity of her most recent employer." The Board points out that Parsi's application for unemployment insurance benefits listed H&R Block as her employer, not Kassar Enterprises, and was based on the termination of her employment with H&R Block. The Board views the issue as bearing not only on the disqualification under section 1256 but also on whether Parsi made a false statement justifying disqualification under section 1257, subdivision (a).[5]

At the September 2018 hearing, the Board continues, Parsi "attempted to introduce evidence clarifying why H&R Block (and not Kassar) was in fact her most recent employer for the purpose of this benefit determination, but the ALJ effectively instructed Parsi on the record that she should not present this evidence." The Board states: "This instruction was in error, as Parsi's proposed evidence was directly relevant to the grounds on which her

_____

[5] The Board states that Parsi was denied benefits under section 1257, subdivision (a), on the ground that she "made false statements about who her most recent employer was," citing the ALJ's decision on the section 1257, subdivision (a), issue. The basis for this characterization is not clear, as the ALJ's decision states it is based on Parsi having "withheld material facts from [EDD] regarding her separation from Kassar Enterprises." The critical paragraph of the ALJ's decision is not a model of clarity, but it appears to refer to two instances of withholding information: (1) Parsi failing to notify "the employer" of her "separation" from Kassar Enterprises when she went on a medical leave of absence on September 23, 2017, after having filed her initial claim for unemployment benefits in May 2017, based on her employment with H&R Block, and (2) Parsi failing to inform EDD until May 2018, that she had been medically released without restrictions on January 22, 2018. Regardless, on remand the Board shall reconsider Parsi's eligibility with respect to both section 1256 and section 1257, subdivision (a), in light of the evidence Parsi was previously prevented from presenting as to the identity of her most recent employer.

8

unemployment claim had been denied and, if found credible by the trier of fact, might have affected the outcome of the administrative proceedings. The Board has determined that this error materially impacted the ALJ's decision, and that the Board itself, as well as the superior court, erred in their failures to recognize and/or correct this error. The Board agrees that Parsi was prejudiced by this error because the record before this court does not include this potentially material evidence that Parsi was improperly barred from presenting."

Accordingly, the Board asks us to reverse the trial court's judgment and direct that court to grant Parsi's petition for writ of administrative mandamus and remand to the Board so that the Board can consider the evidence that was erroneously excluded.

We have no reason to disagree with the Board's assessment.

## DISPOSITION

The judgment is reversed. The matter is remanded to the superior court with directions to grant Parsi's petition for writ of administrative mandate and remand the matter to the Board for proceedings consistent with this opinion.

9

_____

Kline, P.J.

We concur:

_____

Stewart, J.

_____

Miller, J.

*Parsi v. California Unemployment Insurance Appeals Board* (A159203)